UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **James T. Webb** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Mann Bracken LLP,** | ) | **DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, James T. Webb, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Darlington County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, James T. Webb, is a resident and citizen of the State of South

Carolina, Darlington County, and is over the age of twenty-one (21) years.

5. The Defendant, Mann Bracken LLP, (hereinafter referred to as "Mann Bracken"), is a Delaware corporation operating from an address of 9930 Kincey Ave., Floor 3, Huntersville, NC 28078. Defendant is registered in South Carolina and can be served through its Registered Agent, CT Corporation System, 75 Beattie Place, Greenville, SC 29601.

6. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.

7. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Darlington and Florence Counties, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Beginning in July, 2009, and continuing through the present, the Defendant, its agents and employees, have called the Plaintiff's home multiple times each week, with multiple calls on the same day, with the intent to harass, annoy, and intimidate the Plaintiff.

9. The Defendant has been contacting the Plaintiff multiple times each day via an autodialer. When the Plaintiff or his wife answer the phone, no one is ever there to speak with them. It is just dead air.

10. On July 9, 2009, Defendant sent Plaintiff a letter stating that Defendant

intended to initiate litigation against the Plaintiff. Said letter was signed by an attorney admitted only in Maryland and Washington, D.C., not South Carolina.

11. On September 1, 2009, the Defendant called the Plaintiff five times.

12. On September 2, 2009, the Defendant called the Plaintiff four times.

13. On September 3 and 4, 2009, the Defendant called the Plaintiff three times each day.

14. The Defendant called the Plaintiff on Saturday, September 5, 2009, Sunday, September 6, 2009 and Monday, September 7, 2009.

15. On September 8, 2009, the Defendant called the Plaintiff five times. On September 10, September 11, and September 15 the Defendant called four times per day.

16. The Defendant also called the Plaintiff on September 9, two times; September 12, three times; September 13, two times; and September 14, one time.

17. The above calls were all made by an autodialer or some other electronic dialing system as no representative was ever available to speak with if the phone was answered.

18. On September 15, the Plaintiff spoke to one of Defendant's collectors. During this call the collector stated they were calling everyday to find out what the Plaintiff's problem was. The Plaintiff explained he was not able to pay and told the collector to stop calling. The collector stated they didn't care, the calls

were going to continue. After that conversation, the Defendant called the Plaintiff two more times that same day.

19. To date, the Defendant continues to repeatedly call the Plaintiff at home.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 8 through 19 hereinbefore as if fully set forth herein.

21. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

22. The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to him.

23. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

24. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by failing

to make meaningful disclosure of the caller's identity in violation of §1692d(6).

25. The Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant were made recklessly, willfully, and/or intentionally.

26. The Defendant made false representations regarding the character, amount, or legal status of the debt in violation §1692e(2)(A).

27. The Defendant threatened to take action which it did not intend to take in violation of §1692e(5).

28. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of paragraphs 8 through 28 hereinbefore as if fully set forth herein.

30. Defendant knew or should have known of the conduct set forth herein which

was directed at and visited upon the Plaintiff.

31. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

32. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

33. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

34. As a result of Defendant's negligence, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

35. The Plaintiff adopts the averments and allegations of paragraphs 8 through 34 hereinbefore as if fully set forth herein.

36. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

38. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

39. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

40. As a result of Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant as follows:

   A.   Statutory damages of $1,000 from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

   B.   Actual damages for Defendant's violations of the FDCPA;

   C.   Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k; and

   D.   Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision, and Reckless and Wanton Training and Supervision.

   E.   For such other and further relief as the Court may deem just and proper.

           /s/ Penny Hays Cauley
           Penny Hays Cauley, Fed.  ID No.  10323
           Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

           /s/ Penny Hays Cauley
           Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Mann Bracken, LLP
c/o CT Corporation System, Registered Agent
75 Beattie Place
Greenville, SC 29601